**United States District Court**
For the Northern District of California

1
2
3
4
5          IN THE UNITED STATES DISTRICT COURT

6          FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8    WILLIAM HELM, et al.,                          Nos. C 08-01184 SI and C 08-01190 SI

9              Plaintiffs,                          **CONSOLIDATED ORDER DENYING
                                                    DEFENDANTS' MOTIONS TO**
10     v.                                           **TRANSFER TO VENUE**

11   ALDERWOODS GROUP, INC., et al.,

12             Defendants.

13   _____

14   CLAUDE BRYANT, et al.,
               Plaintiffs,
15   v.

16   SERVICE CORPORATION INTERNATIONAL,

17   et al.,

18             Defendants.

19   _____/

20         Defendants in the case of *Helm v. Alderwoods Group, Inc.*, No. C 08-01184, have filed a motion

21   to transfer venue to the Western District of Pennsylvania.  Defendants in the related case of *Bryant v.*

22   *Service Corporation International*, No. C 08-01190, have filed a motion to transfer venue to the District

23   of Arizona.  The motions are scheduled for hearing on July 25, 2008.  Pursuant to Civil Local Rule 7-

24   1(b), the Court finds these matters appropriate for resolution without oral argument, and hereby

25   VACATES the hearing.  Having considered the arguments of the parties and the papers submitted, and

26   for good cause shown, the Court hereby DENIES both motions to transfer.

27
28

# BACKGROUND[1]

United States District Court
For the Northern District of California

These cases involve potential class action claims for unpaid wages brought by employees against two primary entities, Alderwoods Group and Service Corporation International ("SCI"). Both entities were competitors in the funeral home business, and Alderwoods merged with a subsidiary of SCI in November 2006. *See* Joint Response to Order to Show Cause, March 28, 2008, at 2. The cases have their origins in a case filed in the Western District of Pennsylvania, *Prise v. Alderwoods Group, Inc.*, No. 06-1641 ("*Prise I*"). That case, which is still pending before Judge Joy Flowers Conti, initially included both state and federal claims against Alderwoods, SCI, and other entities. Judge Conti declined to exercise supplemental jurisdiction over plaintiffs' state law claims, and also dismissed SCI without prejudice, such that only plaintiffs' federal law claims under the Fair Labor Standards Act ("FLSA"), brought against Alderwoods, now remain. *See* Joint Response to Order to Show Cause at 3-4.

After various claims and parties were dismissed from the Pennsylvania action, plaintiffs filed a variety of actions in other jurisdictions. One case, *Stickle v. SCI Market Support Center*, No. 08-83, was filed by plaintiffs in United States District Court for the District of Arizona. That case alleges violations of the FLSA and other federal laws against SCI and various SCI subsidiaries. The two cases now pending before this Court were also filed in the wake of decisions made in the Pennsylvania action. The first, *Helm v. Alderwoods Group, Inc.*, No. C 08-01184, was filed on December 5, 2007, in Alameda Superior Court by named plaintiffs William Helm, Deborah Prise, Heather P. Rady, and others, against Alderwoods Group and Paul A. Houston, the CEO and director of Alderwoods since 2002. Also named in the complaint are SCI and affiliates of SCI, who plaintiffs claim are liable as successors-in-interest to Alderwoods. The complaint alleges that the class includes all employees and former employees of Alderwoods who were not paid their regular or statutorily-required rate of pay for all hours worked, up until the time SCI or its affiliates acquired Alderwoods. The class includes employees who worked at Alderwoods in many different states, although a significant percentage worked for defendants in California because defendants operated businesses at approximately 50 locations in California. The complaint alleges ten causes of action, including causes of action for violation of California labor laws,

---

[1] Unless otherwise noted, the following background facts are taken from the allegations of plaintiffs' amended complaints.

violation of the wage and hour laws of roughly 30 other states and Puerto Rico, and various state common law claims. As examples of the wage and hour violations defendants are alleged to have committed, the complaint explains that defendants did not compensate employees for time spent on call, attending trainings, performing "community work," or meeting with clients to discuss "pre-need purchases." The complaint also alleges that defendants required employees to work during meal breaks, directed employees not to record their hours for all time worked, and refused to pay overtime unless the overtime had been pre-approved. The complaint does not allege any causes of action arising under federal law.

The second case pending before this Court, *Bryant v. Service Corporation International* ("*Bryant II*"), No. C 08-01190, was filed on December 5, 2007, in Alameda Superior Court against defendants SCI, SCI Funeral and Cemetery Purchasing Cooperative, Inc., Jane D. Jones, Gwen Petteway, Thomas Ryan, Curtis Briggs, and various affiliates of SCI. The complaint alleges that the class includes all employees and former employees of SCI and affiliates who were not paid their regular or statutorily-required rate of pay for all hours worked, as well employees of the Alderwoods Group after it merged with SCI. The class includes employees who worked for defendants in many different states, though a significant percentage worked for defendants in California because defendants operate businesses at approximately 144 locations in California. As in *Helm*, the *Bryant II* complaint alleges ten causes of action, including causes of action for violation of California labor laws, violation of the wage and hour laws of roughly 30 other states and Puerto Rico, and various state common law claims. Plaintiffs in this action, as in *Helm*, allege that defendants did not compensate employees for time spent on call, attending trainings, performing "community work," or meeting with clients to discuss "pre-need purchases." The complaint also alleges that defendants required employees to work during meal breaks, directed employees not to record their hours for all time worked, and refused to pay overtime unless the overtime had been pre-approved. The complaint does not allege any causes of action arising under federal law.

On January 25, 2008, plaintiffs filed amended complaints in both *Helm* and *Bryant II* in superior court. Shortly thereafter, in late February 2008, defendants removed *Helm* and *Bryant II* to this Court. Currently before the Court is defendants' motion to transfer *Helm* to the Western District of Pennsylvania, where *Prise I* is currently pending, and defendants' motion to transfer *Bryant II* to federal

3

1 court in Arizona, where *Stickle* is currently pending.

2

3 **LEGAL STANDARD**

4 "For the convenience of parties and witnesses, in the interest of justice, a district court may

5 transfer any civil matter to any other district or division where it might have been brought." 28 U.S.C.

6 § 1404(a). The purpose of § 1404(a) is to "prevent the waste of time, energy, and money and to protect

7 litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v.*

8 *Barrack*, 376 U.S. 612, 616 (1964) (internal citations and quotation omitted). A motion for transfer lies

9 within the broad discretion of the district court, and must be determined on an individualized basis. *See*

10 *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).

11 To support a motion for transfer, the moving party must establish: (1) that venue is proper in

12 the transferor district; (2) that the transferee district is one where the action might have been brought;

13 and (3) that the transfer will serve the convenience of the parties and witnesses, and will promote the

14 interests of justice. *See Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820 F. Supp. 503,

15 506 (C.D. Cal. 1992). Once venue is determined to be proper in both districts, courts evaluate the

16 following factors to determine which venue is more convenient to the parties and the witnesses and will

17 promote the interests of justice: (1) plaintiff's choice of forum, (2) convenience of the parties, (3)

18 convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the

19 applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the

20 controversy, and (8) the relative court congestion and time of trial in each forum. *See Williams v.*

21 *Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001).

22

23 **DISCUSSION**

24 The parties agree that venue is proper in this district as well as in Arizona and the Western

25 District of Pennsylvania. The parties also agree that the convenience and evidentiary factors are

26 essentially neutral for all three forums, and make no arguments with regard to court congestion. Instead,

27 the parties primarily dispute whether plaintiff's choice of forum is entitled to any deference and whether

28 the interests of justice will be served by transfer.

4

A plaintiff's choice of forum generally receives deference in a motion to transfer venue. *Lewis v. ABC Business Servs., Inc.*, 135 F.3d 389, 413 (6th Cir. 1998). In class actions, however, a plaintiff's choice of forum is often accorded less weight. *See Koster v. Lumbermens Mut. Cas. Co.*, 330 U.S. 518 (1947); *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) ("Although great weight is generally accorded plaintiff's choice of forum . . . when an individual . . . represents a class, the named plaintiff's choice of forum is given less weight."). Nonetheless, even in a class action,

> [i]n judging the weight to be accorded [plaintiff's] choice of forum, consideration must be given to the extent of both [plaintiff's] and the [defendants'] contacts with the forum, including those relating to [plaintiff's] cause of action. . . . If the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter, [plaintiff's] choice is entitled to only minimal consideration.

*Lou*, 834 F.2d at 739 (citations omitted). Where forum-shopping is evident courts should disregard plaintiff's choice of forum. *Italian Colors Rest. v. Am. Express Co.*, 2003 WL 22682482 *4 (N.D. Cal. Nov. 10, 2003); *Royal Queentex Enters. v. Sara Lee Corp.*, 2000 WL 246599 *3 (N.D. Cal. March 1, 2000).

As these cases are class actions, plaintiffs' choice of forum will be accorded less weight, but the Court finds it appropriate to give some weight to plaintiffs' choice of forum because many of the putative class members were employed by defendants in California. The Court also finds that while it is possible, as defendants argue, that plaintiffs have engaged in forum shopping, it is also plausible that plaintiffs have filed the instant actions in California for legitimate reasons. In any case, plaintiffs initially attempted to bring these claims in the Pennsylvania action but were thwarted by defendants' efforts to narrow the claims in that action to federal law claims. The Court therefore will afford slight deference to plaintiffs' choice of forum.

As to the interests of justice, defendants argue that judicial economy would be best served by transferring these cases so that all claims – federal and state – asserted against Alderwoods may be heard by a single judge in Pennsylvania and all claims asserted against SCI may be heard by a single judge in Arizona. In response to this argument, plaintiffs argue that *Helm* should not be transferred to Pennsylvania because Judge Conti has indicated that she did not believe the state and federal law claims should be tried together. While Judge Conti decided that the state claims did not belong in the same action as the federal claims, the Court is unaware of any evidence suggesting that Judge Conti would

5

1  disapprove of two separate actions being overseen by the same judge. Plaintiffs also argue that the

2  Court should not transfer either *Helm* or *Bryant II* because defendants have indicated that they plan to

3  file motions in the transferee courts to dismiss certain defendants for lack of personal jurisdiction. This

4  argument overlooks the fact that defendants have filed similar motions in this Court that may rise to the

5  fore should the Court deny defendants' motions to transfer.

6  This leaves the question whether it actually would be more efficient to have one court decide

7  both the federal and state claims against Alderwoods and SCI in Pennsylvania and Arizona, respectively.

8  The Court understands defendants' arguments, but finds that it would not further the interests of judicial

9  economy to split the state law actions between Pennsylvania and Arizona. Both *Helm* and *Bryant II*

10  allege violations of California law as well as violations of the employment laws of roughly 30 other

11  states, with the laws of the same 28 states at issue in both actions. *See Helm* Amended Complaint at ¶

12  92; *Bryant II* Amended Complaint at ¶ 262. In addition, both complaints assert similar allegations

13  regarding defendants' failure to pay wages for time spent on call, attending trainings, performing

14  "community work," or meeting with clients to discuss "pre-need purchases." *See Helm* Amended

15  Complaint at ¶ 72; *Bryant II* Amended Complaint at ¶ 242. Both complaints also allege that defendants

16  required employees to work during meal breaks, directed employees not to record their hours for all time

17  worked, and refused to pay overtime unless the overtime had been pre-approved, and both allege the

18  same ten causes of action.

19  The Court finds that although some of the underlying facts would obviously differ according to

20  whether plaintiffs worked for Alderwoods or SCI, the benefit of having all claims against each employer

21  tried before one judge does not outweigh the benefit of having a single judge determine the application

22  of at least 28 overlapping state law claims to similar factual allegations. Defendants' request would

23  mean that two different courts would be required to apply the laws of roughly 30 states to very similar

24  facts, a situation that would be more likely to lead to inconsistent outcomes and an unnecessary

25  duplication of judicial resources. Accordingly, the interests of justice, in addition to plaintiffs' choice

26  of forum, lead the Court to conclude that it must deny defendants' motions to transfer, without prejudice

27  to reconsideration should the Arizona action be transferred to Pennsylvania.

28

6

**CONCLUSION**

For all of the foregoing reasons, the Court hereby DENIES defendants' motion to transfer *Helm* to the Western District of Pennsylvania [Docket No. 72], and DENIES defendants' motion to transfer *Bryant II* to Arizona [Docket No. 57].

**IT IS SO ORDERED.**

Dated: July 22, 2008

SUSAN ILLSTON
United States District Judge